Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 240 | **DATE** | 6/21/2004 |
| **CASE TITLE** | | Brantley vs. Millet | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, defendants Millet's and Bounds' motion to dismiss is granted. Plaintiff's motion to add Ameritech New Media as an indispensable party (corporation or company) is denied without prejudice as moot. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 2 2 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | 18 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| MW | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA B. BRANTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 240 |
| | ) | |
| AMERITECH NEW MEDIA, | ) | |
| ELIZABETH MILLET, and | ) | |
| DIANE BOUNDS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Elizabeth Millett's ("Millett") and Diana Bounds' ("Bounds") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Patricia B. Brantley ("Brantley") brought suit against defendants Millett and Bounds, alleging discrimination based on a physical handicap arising from her employment at Ameritech Services, Inc. ("Ameritech") and subsequent termination therefrom. Brantley's one page, handwritten, *pro se* complaint states

1

that she suffers from carpal tunnel syndrome caused by an on-the-job injury, and brings suit alleging violations of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

We note that Millett and Bounds initially filed the complaint *pro se*, but subsequently they obtained counsel who assisted them in responding to the instant motion. Brantley claims in her answer to the instant motion that "the record shows that the Plaintiff also, on 1/14/04, filed a 10 page version of her complaint . . . ." (Ans 2). However, this supposed ten page complaint filed on 1/14/04 is not listed in the official case record, and thus was not properly filed by Brantley. Brantley even admits in her answer to the instant motion that she never served Defendants with the 10 page version of her complaint. (Ans. 2). Therefore, the ten page complaint mentioned by Brantley was never properly filed, is not part of the official record in this case, and cannot be considered by the court.

## LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the court must take all well-pled facts as true, and construe all reasonable inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Pleva v. Norquist*, 195 F.3d 905, 911 (7th Cir. 1999). The court must limit the scope of its consideration solely to the pleadings; usually consisting of the

complaint, any attached exhibits, and supporting briefs. *Thompson*, 300 F.3d at 753. *See also* Fed. R. Civ. P. 10(c) (indicating that "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. . . [and that] [a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

Under the federal standard of notice pleading, it is required only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Furthermore, *pro se* complaints are afforded liberal construction and are not held to the more stringent standard expected of complaints drafted by legal counsel. *McCormick v. City of Chicago*, 230 F.3d 319, 324 ($7^h$ Cir. 2000); *Kyle v. Patterson*, 196 F.3d 695, 697 ($7^h$ Cir. 1999); *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 ($7^h$ Cir. 1988). Finally, claims for relief should not be dismissed by the court "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## DISCUSSION

The complaint names only Millett and Bounds as defendants, and it contains general allegations of discrimination because of an alleged physical handicap. Brantley does not explain precisely how Millett and Bounds were involved in the alleged discrimination. Millett and Bounds argue, in their memorandum in support

3

of their motion to dismiss, that neither the ADA nor Title VII provide for individual liability, and thus they are entitled to dismissal from this action.

We agree. It is indeed well-settled in this Circuit that both the ADA and Title VII provide only for employer liability, not individual liability. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (holding that a claim for individual liability against a supervisor "would fail, for the ADA provides only for employer, not individual, liability . . . [and that the] case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII."); *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998) (holding that Title VII could not be used hold an individual employee or agent liable);*Geier v. Medtronic*, 99 F.3d 238, 244 (7th Cir. 1996) (holding that a "supervisor , in his individual capacity, does not fall within Title VII's definition of employer."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer. . . .").

In fact, in her answer to the instant motion, Brantley does not dispute this point. Therefore, we grant the motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 21, 2004